United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHANE CALAMIA,

Plaintiff,

v.

EQUIFAX INFORMATION SERVICES LLC,

Defendant.

Case No. 26-cv-02889-NW

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; DENYING MOTION TO STAY DISCOVERY**

Re: ECF Nos. 18, 19

Before the Court are Defendant's motion to dismiss, ECF No. 18, and motion to stay discovery, ECF No. 19. The Court GRANTS the motion to dismiss in part with leave to amend, DENIES it in part, and DENIES the motion to stay discovery.

## I. BACKGROUND

Self-represented Plaintiff Shane Calamia filed this action on April 2, 2026, alleging that Defendant Equifax Information Services LLC ("Equifax") violated his rights under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* ECF No. 1 ("Complaint") ¶ 1.[1] Plaintiff takes issue with six accounts appearing on his credit report as prepared by Equifax:

- Midland Credit Management – Account ending in 6723 (the "Midland Account");
- PremierOne Credit Union – Account ending in 0139 (the "Premier 0139 Account");
- PremierOne Credit Union – Account ending in 0147 (the "Premier 0147 Account");
- PremierOne Credit Union – Account ending in 0149 (the "Premier 0149 Account");
- Discover Bank – Account ending in 1100 (the "Discover Bank Account"); and

[1] For the purposes of resolving a motion to dismiss, the Court takes the factual allegations of the Complaint as true. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

United States District Court
Northern District of California

- JPMCB Card Services – Account ending in 6684 (the "JPMCB Account").

ECF No. 1 ¶ 13 (collectively, the "Account(s) at Issue"). Plaintiff alleges that each Account at Issue contains "inaccuracies, inconsistencies, and/or materially misleading information relating to account status, balances, payment history, and overall reporting." *Id.* ¶¶ 14–15. Plaintiff contends that he submitted formal written disputes to Equifax as to each Account at Issue and, "[u]pon information and belief," received only automated dispute processing responses. *Id.* ¶¶ 16–24. Plaintiff concludes that Equifax did not conduct "a substantive or independent investigation sufficient to verify the accuracy and completeness of the disputed information." *Id.* ¶¶ 24–29.

Plaintiff brings four causes of action against Equifax in relation to the Accounts at Issue: (1) violation of 15 U.S.C. § 1681i for failure to conduct a reasonable reinvestigation of the disputed accounts; (2) violation of 15 U.S.C. § 1681e(b) for failure to follow reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's credit report; (3) violation of 15 U.S.C. § 1681n, *i.e.*, that Equifax's noncompliance was willful; and (4) violation of 15 U.S.C. § 1681o, *i.e.*, that Equifax's noncompliance was negligent.

## II. LEGAL STANDARD

### A. Motions to Dismiss Under Rules 12(b)(1) and 12(b)(6)

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) tests whether the court has subject matter jurisdiction." *Williams v. Apple, Inc.*, 449 F. Supp. 3d 892, 900 (N.D. Cal. 2020). "[L]ack of Article III standing requires dismissal for want of subject matter jurisdiction under Rule 12(b)(1)." *Id.* "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When the complaint is challenged for lack of subject matter jurisdiction on its face, the well-pleaded allegations of the complaint are taken as true and construed in the light most favorable to the plaintiff. *NL Indus. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

Federal Rule of Civil Procedure 12(b)(6) authorizes a district court to dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard

requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a motion to dismiss, a court may consider only "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008). Courts generally "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek*, 519 F.3d at 1031. But a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

### B. Motion to Stay Discovery

A district court has "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Courts may consider various factors in determining whether a stay is appropriate but, "a pending motion to dismiss alone is not ordinarily a situation that warrants a stay of discovery." *See, e.g.*, *Beard v. Caesars Ent. Corp.*, No. 16-cv-00833-JAD (NJK), 2016 WL 9558932, at *1 (D. Nev. Sept. 6, 2016).

## III. DISCUSSION

### A. Plaintiff Has Standing to Pursue this Action

Because "a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction)," the Court begins with Defendant's challenge to standing. Defendant argues that Plaintiff lacks standing because he does not allege a concrete and particularized injury to support his damages claim. ECF No. 18 at 9-10. Specifically, Defendant contends that "Plaintiff's Complaint only includes insufficient allegations that Plaintiff was denied credit, . . . does not state the date of the alleged denial and [] failed to produce any credit reports which Plaintiff claims a furnisher relied on when denying Plaintiff credit." ECF No. 18 at 9–10; *see also* ECF No. 23 at 5-6 ("Plaintiff does not allege who the denials were allegedly with [or] whether an Equifax report was used as part of the alleged denial . . . ."). But Defendant ignores Exhibit B, which is attached to the Complaint in full and therefore part of the Complaint. *See* ECF No. 1 at 8. Exhibit B is a letter

from Citibank/Citigroup, denying Plaintiff's application for a "Citi Strata Elite$^{SM}$ Mastercard$^{®}$" based on "delinquent credit obligation(s), either paid or unpaid, [] recorded on [his] credit bureau report" and explaining that the "decision was based in whole or in part on information in a report from . . . Equifax[.]" *Id.* That is sufficient to show standing. *See, e.g.*, *Bradshaw v. BAC Home Loans Servicing, LP*, 816 F. Supp. 2d 1066, 1075 (D. Or. 2011) (holding as to damages on summary judgment that where plaintiffs "have produced letters from [a bank] listing Trans Union as the CRA they utilized in obtaining information on [a plaintiff's] creditworthiness[, a] reasonable trier of fact could infer that Trans Union's allegedly inaccurate reporting was a substantial factor in these credit grantors' decisions to deny credit to [that plaintiff].").

**B. Plaintiff Has Not Sufficiently Pleaded How His Credit Reports Were Inaccurate or Misleading**

Turning to the merits, as to Plaintiff's Section 1681i and 1681e(b) causes of action, Defendant notes that Plaintiff must sufficiently allege a specific inaccuracy. ECF No. 18 at 7-8. Plaintiff responds that reporting may be technically accurate and yet still materially misleading and so actionable. ECF No. 21 at 3 (citing *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009)). Defendant implicitly acknowledges as much in reply but argues that Plaintiff must still plausibly allege how a notation is misleading and may not simply rest on conclusory or speculative allegations. ECF No. 23 at 2-3. The Court agrees and finds that Plaintiff's Complaint has not sufficiently alleged facts supporting that Defendant's reporting as to the Accounts at Issue was materially misleading or inaccurate.

Accordingly, the Court GRANTS the motion to dismiss and DISMISSES the first and second causes of action. Because the Court does not find that amendment would be futile,[2] the Court GRANTS Plaintiff leave to amend in accordance with the guidance in Section IV, below.

[2] In his opposition, Plaintiff attempts to explain how Defendant's reporting as to the Accounts at Issue was misleading. ECF No. 21 at 3-6. Some of Plaintiff's explanations may fare better than others, yet none of the information he proffers is contained in the Complaint. *Id.* Generally, courts "may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *See Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 (9th Cir. 1998). The Court may, however, look to proffered facts in an opposition in determining whether to grant leave to amend. *See, e.g.*, *Castillo v. City of San Jose*, No. 24-cv-00701-SVK, 2025 WL 1370811, at *3 n.2 (N.D. Cal. May 12, 2025).

**C. Plaintiff's Allegations Are Similarly Insufficient to State a Claim for Failure to Follow Reasonable Procedures Under Section 1681e(b) but Are Otherwise Sufficient to State a Claim for Violation of Section 1681i**

Additionally, Defendant argues that Plaintiff independently fails to plead a claim for violation of Sections 1681e(b) and 1681i because Plaintiff fails to explain how Defendant's ordinary procedures or reinvestigation procedures, respectively, were unreasonable. *See* ECF No. 18 at 7–9; ECF No. 23 at 4-5.

Defendant is correct as to Section 1681e(b); Plaintiff has not alleged any well-pleaded facts explaining how Defendant's procedures for initially reporting the credit on the Accounts at Issue were unreasonable. *See* ECF No. 1 ¶¶ 13-35, 41-43; *Finley v. TransUnion*, No. 17-cv-07165-HSG, 2020 WL 408987, at *3 (N.D. Cal. Jan. 24, 2020), *aff'd,* 830 F. App'x 954 (9th Cir. 2020) ("Plaintiff's claim under Section 1681e(b) fails[.] . . . Plaintiff characterizes the debt as 'bogus,' but she does not explain why she believes it is bogus, or why the Consumer Reporting Agencies should have known this when preparing a consumer report.").

In contrast, however, the Court disagrees as to Section 1681i. Plaintiff alleges that, after he submitted his formal written dispute, Defendant "relied primarily on automated dispute processing systems," did not "conduct[] a substantive or independent investigation," "failed to obtain or review sufficient documentation to verify the disputed information" and continued to report the Accounts at Issue as verified. ECF No. 1 ¶¶ 17–26; *see also id.* at 6–7 (Ex. A, Plaintiff's Dispute Letter). Although Plaintiff's Section 1681i claim fails because he does not sufficiently identify the purported inaccuracies as explained above, his claim that Defendant responded with mere automated responses, and did not correct the inaccuracies or conduct an investigation, is sufficient at the pleading stage. *Cf. Finley*, 2020 WL 408987, at *3 (dismissing a claim where the plaintiff, unlike Plaintiff here, did not allege "when she communicated with [the Credit Reporting Agency], what she said in the letter, and how they responded.").

Accordingly, for this independent reason, Plaintiff's Section 1681e(b) claim is DISMISSED with leave to amend in accordance with the guidance in Section IV, below.

**D. Plaintiff's Section 1681o and 1681n Claims Are Dismissed**

As to Plaintiff's claim under Section 1681o for negligent noncompliance, Defendant

argues for dismissal because Plaintiff has failed to plead an underlying FCRA violation. ECF No. 18 at 10–11. The Court agrees for the reasons explained above. *See, supra*, §§ III.B–C.

As to Plaintiff's claim under Section 1681n for willful noncompliance, Defendant makes the same argument and also asserts that the Complaint fails to allege any facts from which a trier of fact could infer that Equifax acted knowingly or recklessly. ECF No. 18 at 10–11. Plaintiff does not address this argument in opposition. *See, generally*, ECF No. 21. Accordingly, the Court agrees and GRANTS the motion to dismiss the Section 1681n claim with leave to amend.

### E. Defendant's Motion to Stay Discovery is Denied

Finally, in conjunction with its motion to dismiss, Defendant filed a motion to stay discovery. ECF No. 19. "The fact that a non-frivolous motion is pending is simply not enough to warrant a blanket stay of all discovery." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). "However, where a dispositive motion raises issues of jurisdiction, venue, or immunity," a stay may be appropriate. *Beard*, 2016 WL 9558932, at *1. The parties' Rule 26(f) conference has taken place as of July 10, 2026, Defendant's motion to dismiss has now been resolved, and, as to standing—the only jurisdictional issue raised by Defendant—the Court has denied the motion. Accordingly, the Court does not find good cause to stay discovery and the motion to stay discovery is DENIED.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the motion to dismiss in part, DENIES it in part, and the Court DENIES the motion to stay discovery.

Where Plaintiff is proceeding *pro se*, the Court provides guidance of "the deficiencies in his complaint in order to ensure that [he] uses the opportunity to amend effectively." *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). In amending his Complaint must provide the following additional information, assuming Plaintiff has a good-faith basis for doing so:

- For claims as to the PremierOne 0139, 0147, and 0149 Accounts, the Discover Bank Account and the JPMCB Account, which Plaintiff appears to contend are accurate but misleading because they do not distinguish historical charge-off or late-payment activity versus present account status, Plaintiff must allege details

such as when the last charge-off(s) or late payments on each account occurred and the current status of the accounts;

- For claims as to the Midland Account, which Plaintiff appears to contend is not legally enforceable or is disputed, Plaintiff must allege the details of why that is the case, *e.g.*, that the account is not his or that the amount of the debt is inaccurate;
- For Plaintiff's Section 1681e(b) claim as to Defendant's reporting process, Plaintiff must allege what procedures Defendant used and why those procedures were unreasonable; and
- For Plaintiff's Section 1681n (willfulness) claim, Plaintiff must allege how Defendant's reporting of the accounts was knowingly or recklessly inaccurate or misleading.

Plaintiff shall amend his complaint **no later than September 15, 2026**.

**IT IS SO ORDERED.**

Dated: August 18, 2026

Noël Wise
United States District Judge